UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 24-40-DLB-MAS

TIMOTHY S. COFFMAN                                PETITIONER

v.                 **MEMORANDUM ORDER
ADOPTING REPORT AND RECOMMENDATION**

AMY ROBY, *Warden*                               RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the November 25, 2024 Report and Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 29), wherein he recommends that the Court grant Respondent's Motion for Leave to File a Limited Answer on the Issue of Timeliness (the "Motion for Leave") (Doc. # 24) and dismiss Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Doc. # 1). Petitioner has filed Objections to the R&R (Doc. # 31), Respondent did not file a response, and the R&R is now ripe for the Court's consideration. For the following reasons, Respondent's Motion for Leave is **granted**, Petitioner's Objections to the R&R are **overruled**, the R&R is **adopted** as the Opinion of the Court, and Petitioner's § 2254 Petition is **dismissed with prejudice**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises from Petitioner's 2019 conviction by a jury in Bell County, Kentucky of resisting arrest, first-degree possession of a controlled substance, public intoxication, first-degree sexual abuse, two counts of third-degree assault, and second-

1

degree assault on a service animal.  (Doc. # 29 at 1-2).  The specific facts of the case were recounted by the Kentucky Court of Appeals in its unpublished opinion affirming Petitioner's conviction.  (Doc. # 24-5 at 2-3).  Thus, this Court will only include additional factual details in its analysis as they are relevant.

After his conviction, Petitioner filed a direct appeal to the Kentucky Court of Appeals which affirmed his conviction on May 15, 2020.  (Doc. # 29 at 2).  Following this affirmance, Petitioner unsuccessfully moved for discretionary review in the Kentucky Supreme Court.  (Doc. # 29 at 1).  On June 30, 2022, Petitioner moved to vacate his conviction under Rule 11.42 of the Kentucky Rules of Criminal Procedure.  (*Id.*).  Petitioner's Rule 11.42 Motion was denied by the state trial court on August 9, 2022.  (Doc. # 24-8).  Petitioner attempted to appeal the denial of his Rule 11.42 Motion to the Kentucky Court of Appeals, but that court dismissed his appeal as untimely on June 26, 2023.  (Doc. # 29 at 2).  Petitioner did not seek discretionary review of that decision in the Kentucky Supreme Court.  (*Id.*).

On January 26, 2024, Petitioner filed the instant Petition which was initially docketed in the Western District of Kentucky before being transferred to this District.  (*Id.*).  On July 26, 2024, Respondent filed the Motion for Leave through which she requested leave to file a limited answer on the issue of the Petition's timeliness.  (Doc. # 24).  After Petitioner responded to the Motion for Leave (Doc. # 28) and Respondent did not file a reply, Judge Stinnett issued his R&R.[1]  (Doc. # 29).

---

[1] Petitioner did not address the propriety of the Motion for Leave or argue that it should be denied in his Response or his Objections.  (*See* Docs. # 28 and 31).  And in the absence of any proffered reason for denying it, Respondent's Motion for Leave (Doc. # 24) is **granted** without further analysis.

## II. REPORT AND RECOMMENDATION

Through his R&R, Judge Stinnett principally addressed whether the Petition was timely filed. (Doc. # 29 at 4-10). As Judge Stinnett noted, a one-year limitations period applies to the filing of habeas petitions which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(*Id.* at 5-6 (citing 28 U.S.C. §§ 2244(d)(1)). And as Judge Stinnett further noted, this limitations period is tolled while a petitioner is seeking other collateral relief. (*Id.* at 6 (citing 28 U.S.C. § 2244(d)(2)).

Upon review of the Petition, Judge Stinnett observed that the appropriate start date for limitations purposes was the date on which Petitioner's judgment became final. (*Id.*). As Judge Stinnett noted, the Kentucky Supreme Court denied Petitioner's request for discretionary review of his conviction on December 9, 2020. (*Id.*). Judge Stinnett further noted that Petitioner had 90 days thereafter to file a petition for writ of certiorari in the United States Supreme Court. (*Id.* (citing Sup. Ct. R. 13.1)). But because Petitioner did not seek certiorari, his judgment became final on March 9, 2021 (*i.e.*, 90 days after December 9, 2020). (*Id.*). Petitioner accordingly had until one year later on March 9, 2022 to timely file the Petition, but waited until January 26, 2024 to do so. (*See id.*).

Judge Stinnett then addressed whether Petitioner was entitled to any tolling under § 2244(d)(2).  (*Id.*).  As noted above, this provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . shall not be counted toward" the one-year limitation for filing habeas petitions.  28 U.S.C. § 2244(d)(2).  Judge Stinnett observed that Petitioner could have tolled the limitations period had he filed his Rule 11.42 Motion within one year of his judgment becoming final on March 9, 2021.  (*Id.*).  But Petitioner filed the Rule 11.42 Motion on June 30, 2022 after the one-year limitations period had already expired.  (*See id.*).  Accordingly, Judge Stinnett concluded that Petitioner was not entitled to any tolling under § 2244(d)(2), and that his Petition was therefore untimely filed.  (*Id.*).

Having determined that the Petition was otherwise untimely, Judge Stinnett then addressed whether Petitioner was entitled to any equitable tolling of the limitations period.  (*Id.* at 6-10).  As Judge Stinnett noted, a petitioner seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  (*Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Judge Stinnett further noted that "[e]quitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the ultimate burden of persua[sion][.]"  (*Id.* at 7 (quoting *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012)).

Judge Stinnett addressed the issue of equitable tolling as follows.  Judge Stinnett first noted that Petitioner has identified "four periods for which he argues he is entitled to equitable tolling."  (*Id.*).  First, Petitioner claims that the Court should toll the 33-day period between March 9, 2021 and April 10, 2021, during which he was "under COVID lockdown"

4

in the Clay County Jail before being transferred to the Roeder Correctional Complex where he as quarantined "due to COVID." (*Id.*). Second, Petitioner claims that the Court should toll the 41-day period between April 10, 2021 and May 21, 2021, which spanned the beginning of his assessment period "for [ ] security status" and his transfer to the Luther Luckett Correctional Complex (the "LLCC"). (*Id.* at 7-8). Third, Petitioner claims that the Court should toll the 12-day period between May 21, 2021 and June 3, 2021, during which he was transferred to the LLCC and "immediately placed in COVID-19 quarantine[.]" (*Id.* at 8). Finally, Petitioner claims that the Court should toll the 86-day period between December 14, 2021 and March 10, 2022, during which he was under another COVID-19 lockdown. (*Id.*). In total, Petitioner requests 172 days of equitable tolling. (*See id.*).

In addressing these tolling periods, Judge Stinnett first recognized that general restrictions on inmates related to the COVID-19 pandemic do not justify equitable tolling "absent specific and extraordinary circumstances directly preventing timely filing." (*Id.* at 8 (citing *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D Ohio 2022) and *Schee v. Clipper*, No. 3:20-cv-02719, 2024 WL 4262134, at *2 (N.D Ohio Sept. 23, 2024)). Upon review, Judge Stinnett determined that Petitioner's allegations lacked sufficient detail to show extraordinary circumstances. (*Id.*). For example, although Petitioner claimed difficulty in obtaining materials from his criminal case, he did not explain how these conditions prevented him from preparing and filing his Petition. (*Id.* at 8-9). And as Judge Stinnett noted, "vague assertions of limited access to legal resources or general lockdowns" are insufficient to establish equitable tolling. (*Id.* at 9 (citing *West*, 578 F.

5

Supp. 3d at 967 and *United States v. Berry*, No. 3:19-cr-00043-GFVT-EBA, 2024 WL 1580163, at *2-3 (E.D. Ky. Apr. 11, 2024)).

Judge Stinnett also addressed whether Petitioner had shown sufficient diligence in pursuing his rights. (*Id.*). In so doing, Judge Stinnett noted that although Petitioner described some efforts to obtain records after June 3, 2021, he had failed to show "consistent diligence throughout the limitations period." (*Id.*). And in the absence of any further detail, Judge Stinnett stated that he could not determine whether Petitioner showed diligence at any other time. (*Id.*). Accordingly, Judge Stinnett concluded that Petitioner was not entitled to equitable tolling. (*Id.*).

Moreover, Judge Stinnett observed that even if the Court granted all 172 days of Petitioner's requested tolling, his Petition "would remain extremely untimely." (*Id.*). With this tolling, Petitioner's new deadline to file the Petition would have been August 29, 2022. (*Id.*). And because Petitioner filed his Rule 11.42 Motion on June 30, 2022, he would also be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). (*Id.*). Adding this statutory tolling to his requested equitable tolling, Petitioner's new filing deadline would have been November 7, 2022. (*Id.* at 10). However, Petitioner filed his Petition on January 26, 2024, or "more than 14 months late." (*Id.*). Judge Stinnett accordingly concluded that Petitioner was "not entitled to habeas relief." (*Id.*). Finally, Judge Stinnett recommended that a certificate of appealability should not issue. (*Id.* at 10-11).

For these reasons, Judge Stinnett recommended that Respondent's Motion for Leave should be granted and that Petitioner's Petition should be dismissed. (*Id.* at 11-12).

### III. ANALYSIS

#### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommendation must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v.*

7

*Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

**B.     Petitioner's Objections**

Petitioner has filed Objections to the R&R.  (Doc. # 31).  Upon review, Petitioner does not appear to contest whether 28 U.S.C. § 2244(d)(1) is the applicable limitations provision or that his Petition was untimely under a straightforward application of that provision.  (*See id.*).  Instead, regarding issues of timeliness, Petitioner argues that the limitations period should be equitably tolled.  (*Id.*).  In support, Petitioner states that during the COVID-19 pandemic he was *pro se* and lacked access to court documents, a law library, and his "prisoner legal assistant."  (*Id.* at 1-3).  Regarding diligence, Petitioner states that the Court "could not imagine" what he "ha[d] to go through" to send and receive legal mail.  (*Id.* at 3).

Even if Petitioner's allegations are true, they do not justify equitably tolling the statute of limitations.  As an initial matter, Petitioner does not contest or even address Judge Stinnett's finding that the Petition would be untimely even if the Court were to grant his requested tolling.  (*See id.*).  "[W]hen a party fails to object with specificity to a Magistrate Judge's finding in an R&R—such as, for example, by not raising the issue at all—the district court treats that potential argument as waived."  *McDougald v. Clagg*, No. 1:18-cv-00093, 2021 WL 4548639, at *6 (S.D. Ohio Oct. 5, 2021).  The Petition is properly **dismissed** on this basis alone.

Moreover, Petitioner's stated reasons as to why he was unable to timely file his Petition are insufficient.  First, Petitioner's *pro se* status is not a sufficient basis for equitable tolling*.  Rembert v. Wainwright*, No. 18-3414, 2018 WL 3689662, at *3 (6th Cir.

8

July 18, 2018) (citing *Keeling*, 673 F.3d at 464).  Second, courts have routinely held that "a petitioner's limited access to legal materials is not sufficient to warrant equitable tolling." *Laws v. Christiansen*, No. 2:21-cv-11183, 2022 WL 4587838, at *3 (E.D. Mich. Sept. 29, 2022) (collecting cases).  Finally, Petitioner's alleged lack of access to his "prisoner legal assistant" does not warrant equitable tolling of the statute of limitations.  *See Kelly v. Lee*, No. 3:17-cv-01457, 2018 WL 4558592, at *4 (M.D. Tenn. Sept. 21, 2018) (prisoner's "limited access to legal aids" does not constitute an extraordinary circumstance warranting equitable tolling.).

For these reasons, the Court concludes that Petitioner has failed to show his entitlement to equitable tolling.  And because the Petition is otherwise untimely, it is therefore **dismissed** on that basis.

## IV.    CONCLUSION

For the above reasons, **IT IS ORDERED** as follows:

(1)    The November 25, 2024 Report and Recommendation ("R&R") of Magistrate Judge Matthew A. Stinnett (Doc. # 29) is **ADOPTED as the opinion of the Court**;

(2)    Petitioner Timothy S. Coffman's Objections to the R&R (Doc. # 31) are **OVERRULED**;

(3)    Respondent Amy Robey's Motion for Leave to File a Limited Answer on the Issue of Timeliness (Doc. # 24) is **GRANTED**;

(4)    Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. # 1) is **DISMISSED with prejudice**;

(5) For the reasons set forth in the R&R, the Court finds that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY will be issued**; and

(6) The Court will enter a corresponding Judgment with this Order.

This 11th day of March, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\London\2024\24-40 Order Adopting R&R.docx